UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BAYRAM KEMAL,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN Secretary, U.S. Department of Homeland Security, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00497-JPH-MKK |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Bayram Kemal has filed a petition for a writ of habeas corpus seeking release from the Clay County Jail where he is detained at the direction of U.S. Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Kemal's petition and orders Respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Kemal is a citizen and native of Turkey. Dkt. 5 ¶ 2. Mr. Kemal states that he "entered the United States through the Mexico border using the CBP One application" in 2023. *Id.* ¶ 23. The government initiated a removal proceeding, granted him parole, and permitted him to enter the United States. Dkt. 5 ¶ 23; dkt. 9-1 at 1–4, 7. Respondents contend that Mr. Kemal was granted parole through February 11, 2024. Dkt. 9-1 at 9. Mr. Kemal offers no contrary information and does not seek release on grounds that his parole is active. Mr. Kemal did not depart the United States after his parole expired, and he has not obtained another immigration status.

On July 7, 2026, Mr. Kemal was driving a commercial truck in Ripley County. An Indiana State Police (ISP) trooper initiated a traffic stop. ISP contacted ICE, which determined that Mr. Kemal could be lawfully detained and issued an administrative warrant "command[ing]" that he be taken into federal custody pursuant to 8 U.S.C. § 1226(a). Dkt. 9-1 at 6–7.

Mr. Kemal remains detained at the Clay County Jail and has not received a bond hearing.

**II. Bond Eligibility Under § 1226(a)**

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Kemal argues that his detention is unlawful in part because the government has deemed him subject to mandatory detention, without possibility of bond, for the duration of his removal proceeding.

The Immigration and Nationality Act (INA) requires detention of "an alien who is an *applicant for admission*" and "*seeking admission*" from an "examining immigration officer." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). By contrast, an alien arrested "[o]n a warrant issued by the Attorney General . . . *may be detained*" during his removal proceedings or released on bond or conditional parole. 8 U.S.C. § 1226(a). The parties dispute which of these provisions governs here.

**A. *Cirrus Rojas***

On July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026). In *Cirrus*

*Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention provision applies only to noncitizens who are "seeking admission" to the United States: "Aliens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for bond hearings subject to the INA's other requirements." 2026 WL 2198315 at *2. "Admission means 'lawful entry . . . into the United States after inspection and authorization.'" *Id.* at *7 (quoting *Sanchez v. Mayorkas*, 593 U.S. 409, 411 (2021)). "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026); *see also Cirrus Rojas*, 2026 WL 2198315 at *7 (quoting *Santillan Quiroz*).

Here, Mr. Kemal was arrested while driving a commercial truck in Indiana, more than three years after encountering immigration authorities and more than two years after his parole expired. He was not then nor is he now seeking to enter the United States at the border, so he is not "seeking admission" as *Cirrus Rojas* applies the phrase. So, under the now-settled law of this Circuit, Mr. Kemal is detained under § 1226(a) rather than § 1225(b)(2)(A) and he is eligible for a bond hearing.

Respondents resist this conclusion, arguing that *Cirrus Rojas* does not apply here because that case "involved a petitioner who entered the United States without inspection or admission in 2018 and who did not present himself at a port of entry." Dkt. 11 at 1. Respondents have not persuaded the Court that these factual distinctions lead to a different outcome. Under *Cirrus Rojas*,

§ 1225(b)(2)(A) applies only to applicants for admission who are actually seeking admission. Respondents do not explain how Mr. Kemal is actively seeking admission any more than Cirrus Rojas was when he was arrested in the interior of the United States without active parole or any other legal status.

**B. Effect of Parole Expiration**

In their return, which was filed before the Seventh Circuit decided *Cirrus Rojas*, Respondents argue that Mr. Kemal is subject to mandatory detention under § 1225(b)(2)(A) because he became an "arriving alien" when his parole expired.

The Secretary of Homeland Security may permit a noncitizen to enter the United States on parole according to 8 U.S.C. § 1182(d)(5)(A). "[W]hen the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien *shall forthwith return or be returned to the custody from which he was paroled*." *Id.* (emphasis added). Additionally, the former parolee "shall continue to be dealt with in the same manner as that of *any other applicant for admission* to the United States." *Id.* (emphasis added).

Respondents argue that the "custody from which" Mr. Kemal "was paroled" was that of an "arriving alien" as defined by 8 C.F.R. § 1001.1(q). An arriving alien is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." *Id.* "An arriving alien remains an arriving alien even if paroled . . . and even after any such parole is terminated or revoked." *Id.* (emphasis added). As Respondents see it, "when [Mr. Kemal's] parole expires or

is revoked, his custody reverts to that of when he was at the border", so he is an "arriving alien" who is "seeking admission" to the United States. Dkt. 9 at 5.

The Court has rejected this argument when made in other cases. *See Tologonov v. Warden*, No. 2:26-cv-00413-JPH-MJD, dkt. 14 at *10–13 (S.D. Ind. July 10, 2026); *Madriz Ortiz v. Mullen*, No. 2:26-cv-00320, dkt. 11 at *5-7 (S.D. Ind. May 15, 2026). Here, Respondents cite Supreme Court cases that existed when the Court decided *Tologonov* and *Madriz Ortiz*, and a recently decided district court case from New York. Dkt. 9 at 5. They do not convincingly argue that the facts presented here lead to an outcome different from *Tologonov* and *Madriz Ortiz* where this Court rejected the argument that a noncitizen granted parole upon arrival automatically becomes subject to § 1225(b)(2)(A) upon expiration of parole. Instead, § 1282(d)(5)(A) directs only that a former parolee be returned to the custody—but not necessarily the detention—from which he was paroled. *See Tologonov*, dkt. 14 at *12–13 (discussing *Qasemi v. Francis*, No. 25-CV-10029 (LJL), 2025 WL 3654098 (S.D.N.Y. Dec. 17, 2025)).

Moreover, Respondents' position cannot be squared with *Cirrus Rojas* which rejected the government's argument that the terms "seeking admission" and "applicant for admission" are synonymous, so that all applicants for admission are seeking admission under Section 1225(b)(2)(A). *Cirrus Rojas*, 2026 WL 2198315 at *6-*7. Mr. Kemal has been in the United States since 2023 and, like Mr. Cirrus-Rojas, he "is not 'seeking admission'—and thus not covered by Section 1225(b)(2)(A)—because of his real-world status." *Id.* at *2.

### III. Remaining Issues

Mr. Kemal argues that he is entitled to immediate release from custody, which is the customary remedy in habeas proceedings. *See DHS v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). The Court finds that immediate release would not be in the interests of justice here. The Court has found that Mr. Kemal is subject to § 1226(a), which gives the government discretion to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Kemal's custody is therefore not unlawful because he is detained, but because he has not received the bond hearing that the law requires.

Because the Court has found that Mr. Kemal's detention violates the INA, it does not reach his argument that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, Respondents ask the Court to dismiss this action and direct Mr. Kemal to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026). Given that the Seventh Circuit only issued *Cirrus Rojas* after this litigation began and Respondents' insistence that

Mr. Kemal was not eligible for bond, the Court will not impose an exhaustion requirement now and will instead order Respondents to schedule a bond hearing or release him.

## IV. Conclusion

The petition for a writ of habeas corpus is granted insofar as Respondents will have **until 5:00 p.m. on September 4, 2026,**[1] to either (1) provide Mr. Kemal with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision. Respondents must notify Mr. Kemal's counsel of the setting of any bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Mr. Kemal within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 8/27/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brittni Rivera
Kriezelman Burton and Associates
brivera@krilaw.com

---

[1] The parties may extend this deadline by agreement without need for further action by the Court.

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov